# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE RACHELLE JOHN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-1148- JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Plaintiff initiated this action by filing a complaint on August 22, 2019 seeking judicial review of the decision to deny her application for Social Security benefits. (Doc. 1) On August 27, 2019, the Court issued its Scheduling Order, setting forth the deadlines governing the action.  (Doc. 5)

The Commissioner of Social Security filed the certified administrative record in the matter on January 22, 2020. (Doc.10)  The parties exchanged letter briefs, with the Commissioner serving a letter brief on June 17, 2020.  (Doc. 23)  Pursuant to the terms of the Scheduling Order, Plaintiff was to file an opening brief within thirty days of receiving the Commissioner's response.  (Doc. 5 at 2)  Thus, Plaintiff was to file an opening brief no later than Jul7 17, 2020.  To date, Plaintiff has not filed an opening brief, and has not requested an extension of the deadline.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Accordingly, the Court **ORDERS**:

1. Plaintiff **SHALL** show cause in writing **no later than August 14, 2020** why terminating sanctions should not be imposed for failure to follow the Court's Order and failure to prosecute the action or, in the alternative, file an opening brief;

2. Any response to the Court's order or Plaintiff's opening brief shall be mailed to the following address:

   > Office of the Clerk
   > Robert E. Coyle United States Courthouse
   > 2500 Tulare Street, Room 1501
   > Fresno, CA 93721

3. Plaintiff is reminded that an opening brief must contain a description of the alleged physical or emotional impairments, a summary of all relevant medical evidence (including page citations from the medical record), a summary of any relevant hearing testimony, the Commissioner's findings, and argument addressing each claimed error by the administrative law judge.

IT IS SO ORDERED.

Dated:   **July 26, 2020**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE