UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE RACHELLE JOHN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-01148- JLT<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

　　　　Jamie Rachelle John seeks judicial review of the decision to deny her application for Social Security benefits. (Doc. 1) Because Plaintiff has failed to prosecute the action through not filing an opening brief, and thereby failed to comply with the Court's orders, the action is **DISMISSED** with prejudice.

**I.     Relevant Background**

　　　　Plaintiff initiated this action by filing a complaint on August 22, 2019. (Doc. 1) The Court reviewed the complaint and Plaintiff's motion to proceed *in forma pauperis* and authorized serve on August 27, 2019. (Doc. 3) The same date, the Court issued a scheduling order setting the applicable deadlines on the action. (Doc. 5)

　　　　The Commissioner of Social Security filed the administrative records on January 22, 2020. (Doc. 10) On February 25, 2020, the Court ordered Plaintiff to show cause why sanctions should not be imposed for her failure to serve a confidential letter brief that included why she believed the matter

should be remanded for further administrative proceedings.  (Doc. 11)  In response, Plaintiff asserted that she never received the Court's scheduling order (Doc. 12) and filed an opening brief in the action. (Doc. 13)

On March 9, 2020, the Court discharged its order to show cause and provided Plaintiff a courtesy copy of the Scheduling Order.  (Doc. 15) The Court pointed Plaintiff to the procedural and substantive requirements for a confidential letter brief and the opening brief.  (*Id.*)  At that time, the Court also struck the opening brief, noting the document was premature.  (*Id.*)  Plaintiff was directed to "serve a confidential letter brief upon the Commissioner within thirty days and file a proof of service with the Court." (*Id.* at 2)  However, Plaintiff failed to comply with this order.

The Court issued a second order to show cause to Plaintiff related to her confidential letter brief on April 21, 2020, for failure to prosecute and failure to comply with the Court's orders.  (Doc. 17) Plaintiff was "ordered to show cause within fourteen days of the date of service of [the] order why terminating sanctions should not be imposed." (*Id.* at 2)  In the alternative, Plaintiff the Court directed her to serve her confidential letter brief and file a proof of service within the same fourteen days. (*Id.*) After Plaintiff failed to file a proof of service, the Court ordered the case be dismissed. (Doc. 18) However, the Commissioner informed the Court that a brief had been received, and the case was re-opened.  (Doc. 22)  The Commissioner served a response to Plaintiff's letter brief on June 17, 2020. (Doc. 23)

On July 27, 2020, the Court issued a third order to show case to Plaintiff for failure to prosecute and failure to follow the Court's orders.  (Doc. 24)  The Court noted, "Pursuant to the terms of the Scheduling Order, Plaintiff was to file an opening brief within thirty days of receiving the Commissioner's response." (*Id.* at 1, citing Doc. 5 at 2) Thus, Plaintiff was to file an opening brief no later than July 17, 2020.  However, no opening brief was filed, and Plaintiff did not request an extension of time   The Court again warned Plaintiff that the action could be dismissed with prejudice for failure to prosecute or obey the Court's orders.  (*Id.* at 2)  The Court ordered Plaintiff to respond to the Court's order "in writing **no later than August 14, 2020** why terminating sanctions should not be imposed for failure to follow the Court's Order and failure to prosecute the action or, in the alternative, file an opening brief." (*Id.*, emphasis in original)  To date, Plaintiff has not responded to or otherwise

2

complied with the Court's order.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order.  *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's repeated failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a

reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendant

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken action to further the prosecution of the action, despite being ordered by the Court to file an opening brief. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in its Scheduling Order that failure to comply with the deadlines as ordered "may result in sanctions." (Doc. 5 at 3) On February 25, 2020, Plaintiff was informed that the Court "may impose sanctions including dismissal of the action" for failure to prosecute and comply with its orders. (Doc. 11 at 2) Again, in the order to show cause dated April 21, 2020, Plaintiff was informed the Court "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order…" (Doc. 17 at 1-2) Finally, in the order to show cause dated July 27, 2020, Plaintiff was again warned that terminating sanctions may be imposed for her failure to comply with the order. (Doc. 24 at 1-2)

Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v.*

*Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Conclusion and Order

Plaintiff failed to prosecute this action though her failure to file an opening brief.  In addition, Plaintiff failed to comply with the Court's orders dated August 27, 2019 (Doc. 5) and July 27, 2020 (Doc. 24), despite a warning that terminating sanctions may be imposed.  Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** with prejudice; and
2. The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated: __August 18, 2020__                    __/s/ Jennifer L. Thurston__
                                                                UNITED STATES MAGISTRATE JUDGE

5